**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United of Omaha Life Insurance )
Company, a Nebraska corporation, )
            Plaintiff, )
             )
vs. )
             )
Tanya Edmonson; Debrah Keys; Catholic )
Cemeteries of the Diocese of Phoenix; and )
Falconer Funeral Home, )
            Defendants. )
             )

No. CV 04-0461-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff United of Omaha Life Insurance Company's Motion for Attorney's Fees and Non-Taxable Expenses (Doc. #48). Ms. Keys filed a Response to Plaintiff's Motion for Attorney's Fees (Doc. #49), to which United filed a Reply (Doc. #52). For the following reasons, the Court will grant Attorney's Fees and Non-Taxable Costs moved for by Plaintiff.

**I.    Factual Background**

On January 4, 2001, decedent Allan Keys ("Mr. Keys") enrolled for group life insurance coverage with United under Master Policy No. GLUG-6D35 in the amount of $26,000. (PSOF, Doc. #40, at ¶1.) Additionally, Mr. Keys enrolled for group supplemental life insurance coverage under Master Policy No. GLG-XL10 in the amount of $40,000. (*Id.* at ¶2.) Mr. Keys designated his daughter, Tanya Edmondson, as primary beneficiary, and

1    his sister, Ms. Keys, as secondary beneficiary.  (*Id.* at ¶3.)  Mr. Keys died on January 28,

2    2003.  (*Id.* at ¶4.)

3           Subsequently, on August 6, 2003, Ms. Keys submitted a Proof of Death Form to

4    United, wherein she claimed that she was entitled to the life insurance proceeds "as the new

5    beneficiary of record."  (*Id.* at ¶5.)  Concurrently, Ms. Keys sent United a signed, notarized

6    statement from Mr. Keys dated April 19, 2001, requesting that Ms. Keys be substituted as

7    beneficiary on any insurance policy in which the designated beneficiary has not submitted

8    a claim to the insurer within four months after Mr. Keys's death. (*Id.* at ¶6.)  Mr. Keys did

9    not submit this form to either United or his employer before his death.   (*Id.* at ¶7.)

10          Thereafter, in October 2003, United received two forms signed by Ms. Keys that

11   purported to assign her rights to a portion of the insurance proceeds under Master Policy No.

12   GLUG-6D35.  (*Id.* at ¶8.)  The form stated that Ms. Keys assigned $4,435.30 in proceeds to

13   Defendant Falconer Funeral Home, and $1,239.63 to Queen of Heaven Cemetery, a division

14   of Defendant Catholic Cemeteries.  (*Id.* at ¶9.)  On January 8, 2004, United received a letter

15   from Ms. Keys disputing the amount of the assignment to Falconer Funeral Home and the

16   validity of the assignment to Catholic Cemeteries.  (*Id.* at ¶10.)

17          To date, Ms. Edmondson has not submitted a claim to United for the insurance

18   proceeds.  (*Id.* at ¶11.)  Following Ms. Keys's death, United attempted to locate Ms.

19   Edmondson, but was unsuccessful.  (*Id.*)

20          On March 8, 2004, United initiated this interpleader action to resolve claims to the

21   $66,000 in proceeds due under the policies. (Doc. #1.)  On July 2, 2004, Ms. Keys filed her

22   Answer and asserted a Counterclaim against United for breach of contract.  (Doc. #15.)

23   Thereafter, on July 20, 2004, United moved to deposit the insurance proceeds with the Clerk

24   of the Court.  (Doc. #20.)  In light of Ms. Keys's Counterclaim, the Court denied United's

25   Motion to Deposit Insurance Proceeds without prejudice.  (Doc. #21.)

26

27

28   **Discussion**

On August 18, 2005, this Court ordered that attorney's fees and costs be paid to Plaintiff.  That order, in relevant part, stated:

> United requests an award of its attorney's fees and costs incurred in bringing this interpleader action **and defending against Ms. Keys's Counterclaim**. Ms. Keys, however, objects to any award of fees to United, arguing that the interpleader action was unnecessary.  As previously discussed, the Court finds that United's filing of this action was consistent with its obligations under the insurance policies and authorized under federal law. Accordingly, the Court will grant United's request, subject to its compliance with Local Rule of Civil Procedure 54.2.

(Doc. #46, at 11) (emphasis added).  Pursuant to that order, Plaintiff filed a memorandum of points and authorities, complying with L.R.Civ. 54.2, that requested attorney's fees and costs. (Doc. #48).  Local Rule 54.2(c) dictates that proper content for a Memorandum in support of a motion for attorney's fees and costs includes a description of the movant's eligibility for such an award, entitlement to that award and the reasonableness of the requested award.  The Court is satisfied with the sufficiency of Plaintiff's Motion for Attorney's Fees and Non-Taxable Expenses (Doc. #48) and its compliance with L.R.Civ. 54.2(c).  Further, the Court is persuaded by the documentation  provided by United supporting the reasonableness of their of attorney's fees (Doc. #48, Appx. A&B).

**Ms. Keys's Rule 54.2(f) Objections**

Local Rule 54.2(f) provides that an adverse party may file a "responsive memorandum of points and authorities in opposition to a motion for award of attorney's fees and related non-taxable expenses [that] shall identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item."  However, under the guise of responding to Plaintiff's motion pursuant to L.R. Civ. 54.2(f) (Doc. #48), Ms. Keys continued making the same arguments opposing the award of attorney's fees against which the Court has already ruled.

Rather than "identify with specificity" any disputed issues of material fact, Ms. Keys argues in her responsive memorandum that "if United had distributed to her, at the outset, the $66,000 in insurance proceeds . . . there would have been no need for" an interpleader action, Ms. Keys's counterclaim, United's motions to deposit funds and for summary judgment, or

1   for Ms. Keys's motion for summary judgment. (Doc. #49, at 3).  The Court has already ruled

2   that the interpleader action was appropriate and ordered that reasonable attorney's fees and

3   costs should be awarded for both bringing the interpleader action and defending Ms. Keys's

4   counterclaim.  (Doc. #46, at 11).  Further, the Court finds that in defending against Ms.

5   Keys's Motion for Summary Judgment (Doc. #39), United did not contest the portions of that

6   Motion dedicated to which of the Defendants were entitled to payment of the proceeds,

7   rather, needed to defend against the portion of that Motion that sought to "dismiss[] the

8   complaint for interpleader." (Doc. #39).  Because the substance of that work was to maintain

9   and defend United's ultimately successful interpleader action, the fees and costs relating to

10  that work must also be awarded.

11       Contrary to Ms. Keys's analysis in her reply, the issue before the Court is not

12  "*whether* any legal fees and costs should be awarded at all" but rather, the amount that should

13  be awarded. (Doc. #49, at 7).  Ms. Keys objections to United's attorney's fees are based on

14  whether or not United's attorneys should have had to have done the work, not what is the

15  reasonable fee for the work done.  The Court has already ordered "awarding United of

16  Omaha its reasonable attorney's fees and costs **in an amount to be determined** at a later

17  date **and to be paid from the interpled funds.**" (Doc. #46, at 12). Therefore, the only

18  question remaining for the Court to decide is the amount to be paid.

19  **II.     Reasonable Fees and the "Lodestar" Method**

20       "District courts must calculate awards for attorney's fees using the 'lodestar' method."

21  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v.*

22  *Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000)).  "The 'lodestar' is calculated

23  by multiplying the number of hours the prevailing party reasonably expended on the

24  litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th

25  Cir. 1996) (citing *Jordan v. Multnomah Cty.*, 815 F.2d 158, 162 (9th Cir. 1987)).  "Although

26  in most cases, the lodestar figure is presumptively a reasonable fee award, the district court

27  may, if circumstances warrant, adjust the lodestar to account for other factors which are not

28

subsumed within it." *Ferland*, 244 F.3d at 1449 n.4 (citations omitted).  The other factors that may be considered are:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the 'undesirability' of the case,
> (11) the nature and length of the professional relationship with the client, and
> (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70.

Plaintiff has presented the Court with detailed explanations of its counsel's justification for the attorney's fees requested, addressing not only the preliminary requirements to satisfy the lodestar method, but addressing each of the *Kerr* factors for deviation from the lodestar award.  The Court has considered the above factors and finds Plaintiff's fees to be reasonable.

To that end, Ms. Keys only objects that United's "counsel's billing judgment, the standard or discounted billing rates of partners and associates, and the fact that the accounting department generates monthly bill, have nothing to do with the issue of reasonableness."  (Doc. #49, at 8).  Once again, contrary to Ms. Keys objection, United's counsel's assertions go to the very heart of justifying what fees are reasonable.  United's proof of careful and accurate billing, the frequency and itemized organization of the billing statements, and their multiple attempts to discount rates and otherwise keep down expenses in this litigation is not only proof that their requested attorney's fees are reasonable, but that their attorneys themselves are reasonable and responsible.  Accordingly, the Court will grant United's Motion for Attorney's Fees and Non-Taxable Expenses.

**IT IS ORDERED** that United of Omaha's Motion for Attorney's Fees and Non-Taxable Expenses is **GRANTED** awarding United of Omaha its reasonable attorney's fees

in the amount of $12,917.50 and costs in the amount of $5,421.55, to be paid from the interpled funds.

**IT IS FURTHER ORDERED** that the Clerk of Court shall distribute all remaining funds to Defendant Debrah Keys, consistent with the Court order dated August 18, 2005 (Doc. #46).

DATED this 18th day of November, 2005.

_____
James A. Teilborg
United States District Judge